PONDER, Judge.
Defendants appealed the judgment holding Frederick Kroenke, Jr. and A.M. Berger liable for the balance due on a contract for interior design services.
The issue is the personal liability of the individual defendants.
We affirm in part and reverse and render in part.
Defendants Berger and Kroenke were officers in the defendant company, Louisiana Heritage Construction Co., Inc. In September, 1979, Kroenke and Berger briefly met with Barbara Kizer, a co-owner of plaintiff, Yellow Ribbon, an interior decorating firm, about installation of wallpaper and carpet in a house being built by the defendant company, but all negotiations regarding the project were with plaintiff’s employee, Virgie Mehl. Plans of the house, with Louisiana Heritage’s name on them, were given to Mehl to draw up a proposal of the work requested. On September 28, 1979, a proposal, made out to Kroenke and Berger for $6156.28, was signed by Berger. A $3000.00 deposit was paid in December, 1979, with a cheek bearing the name of Louisiana Heritage. Materials were ordered and the carpet and wallpaper were installed. The parties then agreed to the installation of additional wallpaper for the sum of $124.20.
Plaintiff filed suit against Louisiana Heritage, Kroenke and Berger for the balance due. Louisiana Heritage reconvened alleging that the work performed by plaintiff was defective. Judgment was rendered in favor of plaintiff and against Kroenke and Berger, individually, on the main demand in the amount of $3280.48. Judgment was also rendered in favor of Louisiana Heritage on its reconventional demand in the sum of $108.00.
Defendants complain that the trial court erred in finding that Berger and Kroenke failed to disclose to plaintiff that they were acting as agents for Louisiana Heritage.
Berger and Kroenke both testified that from their initial meeting with Mehl, they informed her that they were representing Louisiana Heritage. Each testified that they discussed with her the possibility of hiring plaintiff for other company activities.
Barbara Kizer testified that she was not aware of the existence of Louisiana Heritage until she received the deposit check in December, 1979, and was unaware she was doing business with Louisiana Heritage. However, after her initial meeting with Kroenke and Berger, she gave the account to Virgie Mehl and was not present during the later discussions.
Virgie Mehl, who negotiated and drew up the proposal for plaintiff, did not testify, because, although she was subpoenaed, she was hospitalized the day before trial. The trial judge agreed, however, that upon presentation of a doctor’s report, he would permit her testimony at a later time. The doctor’s report and her testimony were never introduced.
*23 Mehl was plaintiff’s agent who had direct and personal knowledge of the negotiation of the contract. Her failure to testify was not satisfactorily explained, and creates a presumption that her testimony would be adverse to the plaintiff. Tillman v. Canal Insurance Co., 305 So.2d 602 (La.App. 1st Cir.1974), writ denied, 307 So.2d 630 (La.1975).
Thus, the only testimony in plaintiffs favor about the contractual arrangements was that given by Kizer, who was not a participant in the negotiations. We therefore believe that plaintiff has failed to prove that it contracted with Berger and Kroenke individually. The trial court was in error in holding them personally liable.
While we believe that plaintiff has proved that it had a contract with Louisiana Heritage on which there is a balance due, plaintiff did not appeal the judgment and we therefore make no changes in favor of plaintiff. The award of $108.00 to Louisiana Heritage on the reconventional demand is affirmed. The award against Frederick Kroenke, Jr. and A.M. Berger is reversed and there is now judgment dismissing the claims against them. The costs are assessed against the appellee.
AFFIRMED IN PART AND REVERSED AND RENDERED IN PART.